# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MELISSA A. GALLOWAY,

    Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

No. 20-CV-59-CJW-MAR

**ORDER ON REPORT AND RECOMMENDATION**

_____

## I.    INTRODUCTION

This matter is before the Court on a September 2, 2021 Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 20). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Melissa A. Galloway's ("claimant") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (*Id.*, at 1). On September 16, 2021, claimant filed a timely objection. (Doc. 21). The Commissioner has not yet responded and the deadline for a response has not expired. Given the parties' earlier briefing on these issues, however, the Court will rule without waiting for a response. *See* LR 7(e).

For the following reasons, the Court **overrules** claimant's objections (Doc. 21), **accepts** Judge Roberts' R&R without modification (Doc. 20), and **affirms** the decision of the Commissioner.

## II.     APPLICABLE STANDARDS

### A.     *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (citation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citation omitted).

To determine whether the Commissioner's decision meets this standard, the court "consider[s] all of the evidence that was before the [administrative law judge ("ALJ")], but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both "evidence [which] supports the Commissioner's decision [and] evidence that detracts from it." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation

omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge]

would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY AND THE R&R

On February 27, 2017, claimant applied for Social Security benefits, alleging she became disabled due to major depressive disorder, anxiety disorder, psoriasis, carpel tunnel syndrome, hand and joint pain, right arm neuropathy, lower back pain, and a herniated disc. (AR 15, 207, 229). On July 5, 2017, the Commissioner denied claimant's application and on January 5, 2018, denied it once more upon request for reconsideration. (AR 15, 142-46). On May 9, 2019, ALJ Julie Bruntz held a hearing on claimant's application. (AR 55-78).

The ALJ found that claimant had "the following severe impairments: spine disorder; depression; anxiety; carpal tunnel syndrome, and psoriatic arthritis[.]" (AR 17). Despite these impairments, the ALJ found claimant had residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except:

> her ability to push and pull, including the operation of hand and foot controls, would be frequent within these weights; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can

occasionally balance, stoop, kneel, crouch, and crawl; individual is right hand dominant and can frequently reach overhead on the right and no limitation on the left; can frequently handle and finger bilaterally; needs to avoid concentrated exposure to extreme cold; avoid concentrated exposure to hazards such as heights and dangerous machinery, as well as fumes, gases, poor ventilation, and dust; limited to jobs where she can understand, remember, and appropriately carry out simple instructions; use judgment in making simple work related decisions; deal with changes in a routine work setting; can have occasional contact with the public, co-workers, and supervisors; and would need to avoid walking on grossly uneven ground.

(AR 18-19). The ALJ found that despite claimant's RFC, jobs existed in significant numbers in the national economy that claimant could have performed. (AR 25–26). Thus, on July 1, 2019, the ALJ found claimant was not disabled. (AR 26). On April 1, 2020, the Appeals Council denied claimant's appeal of the ALJ's decision. (AR 1-6).

On June 10, 2020, claimant filed her complaint with this Court. (Doc. 4). By March 29, 2021, the parties had fully briefed the issues. (Docs. 16-18). On March 30, 2021, the Court deemed the case ready for decision and referred it to Judge Roberts for an R&R. (Doc. 19). In her brief, claimant argued the ALJ erred in four ways. First, claimant argued the ALJ's hypothetical question to the vocational expert was imprecise. (Doc. 16, at 3). Second, claimant argued that the ALJ did not provide good reasons for finding claimant not credible. (*Id.*, at 7). Third, claimant argued that the ALJ did not provide good reasons for the weight afforded to plaintiff's treatment providers' opinions. (*Id.*, at 11). Last, claimant argued that the ALJ did not fully and fairly develop the record. (*Id.*, at 16).

In his R&R,[1] Judge Roberts found that the ALJ provided good reasons for the weight afforded to claimant's treatment providers, concluding that "the ALJ's decision

---

[1] Judge Roberts addressed claimant's issues in a slightly different order than claimant. The Court will address the issues in the same order as Judge Roberts.

allowed me to follow her reasoning[.]" (Doc. 20, at 7-25). Judge Roberts also found that the ALJ provided good reasons for discounting claimant's credibility and that the ALJ's decision did not fall outside the available zone of choice. (*Id.*, at 25-37). Judge Roberts similarly found the ALJ did not err in failing to develop the record because "the opinion evidence and all the previously-discussed medical evidence support the mental RFC in this case and further development of the record is not required." (*Id.*, at 37-43). Last, Judge Roberts found that the ALJ did not err in presenting hypothetical questions to the vocational expert and that the record supported the hypothetical question the ALJ posed. (*Id.*, at 43-59).

## IV. CLAIMANT'S OBJECTIONS TO THE R&R

In her objections to Judge Roberts' R&R, claimant asserts that Judge Roberts erred on all four issues. (*See generally*, Doc. 21). The Court will discuss each issue in turn. The ultimate question before the Court, however, is whether there is substantial evidence in the record as a whole to support the ALJ's conclusion. Judge Roberts found there was. The Court agrees and finds that Judge Roberts did not err in his analysis.

## V. DISCUSSION

### A. *Weight Afforded Claimant's Treatment Providers*

Claimant argued that the ALJ failed to afford proper weight to her treating physicians and Judge Roberts found that the ALJ did not err on this issue. In her objection, claimant stated that she "objects to the R&R on this issue and continues to rely on briefing in response," presumably referring to briefing before Judge Roberts. (Doc. 21, at 7). In the body of her objection on this issue, however, claimant only asserts that a subpart of the R&R was "mislabeled" and appears to argue that footnote 6 is in error to the extent that it suggests that the analysis on claimant's ability to follow instructions in this section is applicable to claimant's objection on the hypothetical question issue claimant addressed in another section of her brief. (*Id.*). In other words, claimant does

6

Case 1:20-cv-00059-CJW-MAR    Document 22    Filed 09/27/21    Page 6 of 17

not appear to object to any of Judge Roberts' findings or analysis in this section except to the extent that it might have some impact on Judge Roberts' ruling on another issue.

In short, the body of claimant's objection to Judge Roberts' R&R does not argue that Judge Roberts misapplied the law or got the law wrong. Nor does claimant identify any factual errors by Judge Roberts. Claimant does not cite to any particular page or finding in Judge Roberts' R&R. Claimant has not identified any error that Judge Roberts allegedly made; rather, claimant simply disagrees with Judge Roberts' conclusions.

Claimant's objections on this issue fail to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file specific, written objections to the . . . report and recommendation . . . ." (emphasis added). *Accord* FED. R. CIV. P. 72(b)(2) (stating that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Claimant's objections on this issue are not specific to the issue. In essence, claimant asks the Court to reverse the Commissioner's decision for the reasons already argued to, and addressed by, Judge Roberts. Although claimant ostensibly takes issue with Judge Roberts' labeling of a heading and cross-reference in a footnote, claimant points to no specific errors by Judge Roberts on this issue, and does not cite to the record at all to support her generalized objection to Judge Roberts' R&R. Indeed, claimant's objection on this issue would require the Court to duplicate the work Judge Roberts has already done, thus defeating the entire purpose of the R&R. Claimant's objection on this issue is akin to making no objection at all.

Indeed, the Court would be well within its discretion in treating claimant's objection on this issue as if none were made at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4

7

(N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that a number of circuits hold that a district court need not conduct a de novo review of a magistrate's order when the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). The Eighth Circuit Court of Appeals has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (citing *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review." (further citations omitted))). Still, the Eighth Circuit Court of Appeals has suggested that, in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply de novo review more liberally, even in the face of general objections. *See id.* (holding that a pro se litigant's objections were "definite enough" to trigger de novo review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, claimant was represented by an experienced attorney and the record is relatively lengthy, yet claimant offers nothing more than a conclusory objection to Judge Roberts' R&R. Thus, the Court will review claimant's objection to the R&R on this issue for clear error. *See Whited v. Colvin*, No. C13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Finding none, the Court overrules claimant's objection to the R&R on this issue.

8

### B. *Claimant's Credibility*

Claimant objects to Judge Roberts' R&R finding that the ALJ did not err in assessing claimant's credibility. (Doc. 21, at 6-7). In objecting to the R&R on this issue, claimant again invokes her reliance "on prior briefing in response." (Doc. 21, at 6). To that extent, claimant has again raised only a general objection that does not comply with Local Rule 72A or FED. R. CIV. P. 72(b)(2). Unlike the prior issue, however, here claimant goes on to address some specific objections to the R&R on this issue. Claimant argues that Judge Roberts' observation that medication noncompliance cannot form the basis of a disability finding "is too abbreviated an approach to a potential medication noncompliance issue." (Doc. 21, at 6). Claimant argues that the ALJ failed to make the specific findings "to treat this as a noncompliance denial, so the R&R's statement is inapplicable[.]" (*Id.*). Claimant also criticizes Judge Roberts' ruling, arguing that it "shrugs off argued ALJ errors evaluating [claimant's] credibility [by] pointing out the ALJ had identified other reasons to find [claimant] not credible." (*Id.*, at 7). Claimant argues that this is a case in which "the erroneous inferences added up, if not shrugged off, and require remand." (*Id.*). To the extent claimant has identified specific alleged errors in the R&R, the Court will conduct a de novo review of those arguments. To the extent claimant otherwise has posed a non-specific, general objection to the R&R, the Court will review the R&R for clear error on this issue.

When evaluating the credibility of a claimant's subjective statements, an ALJ must consider: (1) claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes or has taken to alleviate claimant's pain or other symptoms; (5) treatment, other than medication, claimant receives or has received for relief of claimant's pain or other symptoms; (6) any measures claimant uses or has used to relieve claimant's pain or other

9

symptoms . . .; and (7) other factors concerning claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (vacated on other grounds by *Bowen v. Polaski*, 476 U.S. 1167 (1986)). An ALJ need not explicitly discuss every *Polaski* factor, so long as the ALJ acknowledges and examines each consideration before discounting claimant's subjective complaints. *Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ may not discredit claimant's statements solely based on the absence of objective medical evidence, but may discount claimant's statements based on objective medical evidence to the contrary or inconsistency with the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002); *Brockman v. Sullivan*, 987 F.2d 1344, 1346 (8th Cir. 1993).

Here, the Court finds that Judge Roberts carefully and meticulously reviewed the ALJ's credibility findings in light of the record, thoroughly citing the record and noting the inconsistencies the ALJ relied on in finding the record did not sustain claimant's subjective allegations. (Doc. 20, at 25-37). As noted, claimant takes issue with Judge Roberts' reference to claimant's noncompliance with taking medication at page 31 of the R&R, and claims the reference was "too abbreviated an approach to a potential noncompliance issue." (Doc. 21, at 6). The reference at page 31 of the R&R is to a treatment notation that when claimant is not compliant with taking her medication, her mood is more problematic, thus making such treatment notes unreliable as a basis to support claimant's assertion she was disabled. (Doc. 20, at 31). Judge Roberts was not finding that the ALJ could or should discount claimant's credibility because she was not compliant with taking her medications. Rather, Judge Roberts' was noting that the noncompliance with taking medications explains why the record showed that some days claimant was having difficulties and on others she was not. Indeed, the ALJ did not state that she discounted claimant's subjective complaints based on noncompliance with taking

10

medication. This distinguishes this case from *Pate-Fires v. Astrue*, 564 F.3d 935, 945-47 (8th Cir. 2009), upon which claimant relies, where the ALJ relied specifically on the claimant's failure to comply with medications in discounting the claimant's credibility. In short, this was not a "noncompliance denial" requiring the ALJ to make specific findings as to whether claimant was justified in not taking medications on certain dates. Nor did Judge Roberts treat it as such. Indeed, Judge Roberts observed that the treatment notes claimant relied on did not undermine the ALJ's findings because claimant admitted at the hearing that medication improved her condition. (Doc. 20, at 31-32). Thus, upon de novo review the Court finds that Judge Roberts' passing reference to the record noting claimant's noncompliance with taking medications was not erroneous. Rather, Judge Roberts' finding that the record supported the ALJ's credibility finding was based on a much more substantive review of the inconsistencies between what claimant said were her limitations and what the records and other evidence showed they were.

As for claimant's second specific objection on this issue, the Court finds that Judge Roberts did not "shrug off" argued ALJ errors and gave them proper and thorough consideration. Judge Roberts carefully noted and evaluated each of claimant's allegations of ALJ error about claimant's credibility. (Doc. 20, at 27-28, 30, 32-34, 36). Judge Roberts painstakingly reviewed the record and found support for the ALJ's decision in the record as a whole. Upon de novo review of the record, the Court finds that Judge Roberts' analysis is sound, and well-supported by the ample record.

As to all other arguments on this issue to which claimant did not make specific objections to the R&R, the Court has reviewed Judge Roberts' order for clear error and finds none.

Thus, the Court overrules claimant's objections on this issue.

### C. *Developing the Record*

Claimant objects that Judge Roberts should have found the ALJ erred for failing to develop the record about claimant's limitations. (Doc. 21, at 8-10). Claimant's only reference to the R&R in this section is a statement: "The R&R must recognize that the ALJ favored Dr. Brandon's opinions over those of Dr. Becker, as the ALJ did find [claimant] had mental limitations." (*Id.*, at 9, citing the R&R at 42). Claimant then argues that "[a] general statement that the opinion is given weight in so far as it is consistent with the RFC gives no indication as to how the opinion was weighed and is not allowed by the regulations or the caselaw." (*Id.*, at 9-10). Thus, although it is far from clear, it appears claimant is asserting that Judge Roberts erred in failing to recognize that the ALJ gave greater weight to Dr. Brandon's opinion and because the ALJ did not specifically say so, Judge Roberts should have recommended remanding the case so the ALJ could develop the record by more fully articulating the weight the ALJ gave to Dr. Brandon's opinion.

Because Social Security Administration hearings are non-adversarial, an ALJ has an independent duty to fully and fairly develop the record even when a claimant is represented by counsel. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). In assessing whether an ALJ has fulfilled this duty, a court must consider whether the record contained sufficient evidence for the ALJ to make an informed decision. *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001) (citations omitted). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994) (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). An ALJ's decision is proper if the ALJ has "develop[ed] a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994) (holding an ALJ fulfilled his duty to develop the record without further inquiring into

12

claimant's non-exertional impairments or asking follow-up questions of a testifying witness). Absent unfairness or prejudice, a court should not remand the decision of an ALJ for failure to develop the record. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Dr. Brandon and Dr. Becker were agency consulting physicians who rendered opinions about claimant. Neither examined nor treated claimant. The ALJ considered both of their opinions and gave them "some weight" to the extent that "they are consistent with the record as a whole." (AR 22). Judge Roberts noted that "[a]lthough Dr. Brandon reached a different conclusion regarding the severity of Claimant's mental impairment, given the entire record, that does not mean the ALJ assigned Dr. Becker's opinion no weight." (Doc. 20, at 42). Judge Roberts went on to observe that "where Drs. Becker and Brandon agree and where their opinions are supported by the record as a whole, Dr. Becker's opinion is entitled to some weight." (*Id.*). Judge Roberts also noted that "the RFC, which limits Claimant to unskilled simple work involving occasional contact with others, is in concert with part of each of the opinions, in spite of the ALJ not giving any opinion controlling weight." (*Id.*, at 42-43).

The Court finds that Judge Roberts did not err and properly concluded that the record contained sufficient information for the ALJ to make an informed decision about the weight she afforded to the agency consulting physicians. Upon a de novo review of the record, the Court agrees with Judge Roberts that the ALJ thoroughly reviewed the record as a whole and considered Dr. Brandon's opinion. The ALJ concluded to give it some weight to the extent that it meshed with Dr. Becker's opinion and the rest of the record. The Court cannot conclude, as claimant urges, that the ALJ must have given Dr. Brandon's opinion more weight. The ALJ made it very clear that she gave the opinions of Drs. Becker and Brandon the same "some weight" to the extent they were consistent

with what the ALJ otherwise found the record supported, and did not afford Dr. Brandon's opinion of claimant's mental health limitations more weight.

In short, the Court finds that Judge Roberts properly found the ALJ did not err in failing to develop the record. Thus, the Court overrules claimant's objection to Judge Roberts' R&R on this ground.

### D. *Hypothetical Questions to the Vocational Expert*

As Judge Roberts recognized, claimant's dispute with the ALJ's hypothetical question to the vocational expert is "the main point of contention." (Doc. 20, at 43). So, too, it is claimant's main point of contention with Judge Roberts' R&R. Claimant begins by criticizing the R&R's failure to make "reference to the ALJ's clarification in the RFC explanation section about the RFC precluding the performance of detailed instructions," asserting there is "tension" in the caselaw on this issue that the R&R apparently did not resolve to claimant's satisfaction. (Doc. 21, at 3). Claimant also asserts that "the R&R framed the issue, at the Commissioner's urging, as trying to add a one-to-two step task limitation to the RFC where one did not exist—which was too rough a restatement of this issue." (*Id.*). Claimant asserts that the R&R misstated her argument "slightly," emphasizing that the ALJ "created an apparent conflict with Reasoning Level 2 and 3 jobs when the ALJ found that detailed instruction limitations were accounted for by the simple, unskilled work limitation. (*Id.*, at 3-4). Claimant argues that "[t]he R&R's analysis fails by its terms" because it should have addressed the ALJ's words directly. (*Id.*, at 5). Claimant argues that if the R&R did so, it would require remand because "a limitation to simple, unskilled work generally would not account for the ability to carry out and perform detailed instructions which claimant argues the ALJ "meant to incorporate" in the RFC. (*Id.*). Claimant relies on the holding in *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997) and argues that a conflicting decision in *Moore v. Astrue*, 623 F.3d 599 (8th Cir. 2010), "is distinguishable in several ways." (Doc. 21, a 3, 5).

14

The ALJ found claimant was limited to simple, unskilled work. (AR 18). In the RFC explanation section, the ALJ clarified that "the opinion [of Ed Rund, LISW, and Lisa Rock] that the claimant has marked findings in understanding and remembering detailed instructions and carrying out detailed instructions is not necessarily pertinent because the claimant is limited to simple, unskilled work." (AR 23).[2] When posing a hypothetical question to the vocational expert, the ALJ had the expert assume claimant "could understand, remember, and appropriately carry out simple instructions, use judgement [sic] in making simple work-related decisions, and deal with changes in a routine work setting." (AR 75-76). The ALJ did not include a limitation of being unable to understand, remember, and carry out detailed instructions. Based on the hypothetical posed, the vocation expert testified there were jobs claimant could perform. (AR 76).

As Judge Roberts noted, "[a] limitation to jobs with one-to-two-step instructions indicates a greater limitation than the limitation to simple instructions[.]" (Doc. 20, at 46-47 (internal citations omitted)). Judge Roberts recognized that "[i]f the ALJ meant to incorporate a one-to-two-step limitation" then the jobs cited by the vocational expert would not apply and remand would be necessary. (*Id.*, at 47). Judge Roberts found there was no conflict, however, relying on the holding in *Moore*.

> [B]ecause "detailed but uninvolved" essentially means "detailed . . . [but] not complicated or intricate," [*Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010)] found that there is no inherent conflict between a limitation to "simple job instructions" and jobs having a reasoning level of one or two. *Id.* Although the instructions for a reasoning level two job may be detailed, they are also, by definition, "not complicated," i.e., simple. *Id.* Therefore, although a limitation to simple job instructions may overlap with

---

[2] In context, it is clear the ALJ was referring to the opinions of Rund and Rock here, and not Dr. Brandon. (*See* AR 22-23). Claimant appears to believe the ALJ's reference was to Dr. Brandon's opinion. (*See* Doc. 16, at 6). Dr. Brandon actually rejected Rund and Rock's opinions as unsupported by their own treatment notes. (AR 111).

15

>     a limitation to simple one-or two step instructions, they do not express the
>     same limitation. *Id.*

(*Id.* (internal citation omitted)). Judge Roberts properly found the ALJ did not give weight to Dr. Brandon's opinion that claimant was limited to one-to-two-step commands because it was inconsistent with the record as a whole. (*Id.*, at 48). The Court's own de novo review of the record shows Judge Roberts' conclusion here to be sound. Judge Roberts also rejected claimant's argument that the ALJ's explanation of the RFC limitation meant she endorsed a finding that claimant was unable to understand, remember and carry out detailed instructions. (*Id.*, at 49). Again, the Court's own de novo review of the ALJ's opinion and the record leads it to conclude that Judge Roberts was correct here. Judge Roberts similarly rejected claimant's argument that the ALJ meant to preclude detailed tasks with Reasoning Level 2 in the RFC limitations, and found that the RFC with limitations to simple work-related decisions was consistent with Reasoning Level 2 jobs. (*Id.*, at 50-53). Based on the Court's de novo review of the record, the Court agrees with Judge Roberts' findings and his legal reasoning.

Last, Judge Roberts evaluated claimant's argument that *Moore* is distinguishable and that *Lucy* "should trump *Moore*[.]" (Doc. 20, at 54-55). Judge Roberts was unpersuaded by claimant's argument. Judge Roberts found, and the Court agrees, that there is no conflict between *Lucy* and *Moore*, as the former involved a common ALJ error while the latter stated general principles. (*Id.*, at 55). Judge Roberts also properly found *Lucy* distinguishable because here the ALJ did not include a one-to-two-step instructions limitation in the RFC. (*Id.*, at 55-56).

Thus, having conducted a de novo review of the record, the Court finds no error in Judge Roberts' analysis on this issue. The Court agrees with Judge

Roberts that the ALJ did not err in posing a hypothetical question to the vocation expert. The Court therefore overrules claimant's objection to the R&R on this issue.

## VI. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 21) to the Report and Recommendation (Doc. 20) are **overruled**.

2. The Court **accepts** the Report and Recommendation (Doc. 20) without modification. *See* 28 U.S.C. § 636(b)(1).

3. The Commissioner's determination that claimant was not disabled is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 27th day of September, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa